Drip 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-264-CV 





DRIPPING SPRINGS WATER SUPPLY CORPORATION, ALVA HAYDON, 


O. C. HARMON, E. E. MYERS, MACK CROW AND TRAVIS GARNETT,



 APPELLANTS


vs.





INTERNATIONAL SURPLUS LINES INSURANCE COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT



NO. 90-0761, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 




 This case is a dispute over the interpretation of an exclusionary provision in a
"Public Officials And Employees Liability" insurance policy. A shopping center burned down
because a fire hydrant did not work. Dripping Springs Water Supply Corporation ("Dripping
Springs") was held liable for more than $300,000 in damages because it did not properly maintain
the hydrant. After exhausting coverage under its other insurance policies, Dripping Springs
turned to its "Public Officials And Employees Liability" policy with the International Surplus
Lines Insurance Company ("ISLIC") to pay the balance. ISLIC refused to pay, claiming that its
policy covered only "official misconduct" and that an exclusionary provision exempts it from
payment for property damage or consequential damages arising from property damage. Dripping
Springs disagreed with this construction of the exemption. Alternatively, Dripping Springs argues
that even if the exemption applied, many of the damages for which it was held liable involved
intangible losses not excluded from coverage. 

 Both parties moved for summary judgment on the issue of coverage based on their
interpretations of the exclusionary provision. The trial court rejected Dripping Springs's partial
motion and granted ISLIC's motion. There are no disputed facts, only the differences of the legal
construction of the policy. We will affirm the trial court's judgment. (1)



DISCUSSION


 The dispute concerns Exclusion 5(b) of the policy, which reads as follows:



 [ISLIC] shall not be liable to make payment for Loss in connection with any
claim made against [Dripping Springs] allegedly, based upon or arising out of any
one or more of the following: 


*
 * *


5. a. any damages, whether direct, indirect or consequential, arising from,
or caused by, bodily injury, personal injury, sickness, disease or death;


 b. loss or criminal abstraction of, damage to or destruction of any
tangible property or the loss of use of such property by reason of the
foregoing;



 Dripping Springs contends that the last phrase in subsection 5(b), "by reason of the
foregoing," means that Dripping Springs is insured against all liability except that property loss
which is caused by the provisions in subsection 5(a). In other words, Dripping Springs believes
that subsection 5(b) is contingent upon and intertwined with subsection 5(a), so that the exclusion
for property loss only applies to property loss caused by "bodily injury, personal injury, sickness,
disease or death." We disagree.

 If we accept Dripping Springs's construction, section five provides property-loss
exemption for ISLIC only in that rare circumstance where Dripping Springs acts, bodily harm
results, and this injury somehow causes property damage. Under a proper reading of this policy,
we believe that subsections 5(a) and 5(b) are separate exceptions; therefore, "by reason of the
foregoing" applies to the preceding terms in subsection 5(b). This reading excludes coverage for
any damage to, theft of, or loss of use of tangible property. 

 We recognize that if an insurance policy's provisions are ambiguous or subject to
two or more reasonable interpretations, then we should adopt the construction which provides
coverage. Gonzales v. Mission Am. Ins. Co., 795 S.W.2d 734, 737 (Tex. 1990). Here we find
no ambiguity. Only one reasonable construction exists in this case -- that which excludes
coverage. This construction also matches the apparent intent of the parties upon signing the
policy, since Dripping Springs contracted for official misconduct insurance, not property damage
insurance, and the policy provides only this coverage.

 Alternatively, Dripping Springs argues that many of the damages for which it was
held liable are not damages to "tangible property"; therefore, ISLIC should be liable for that
portion of the previous judgment which concerns intangible losses, regardless of exclusion 5(b). 
We disagree. We hold that the policy excludes coverage for any claim "arising out of" damage
to any tangible property. All of Dripping Springs' liability arose out of the destruction of the
shopping center by fire. The policy excludes liability for any loss based on or arising out of
damage to or destruction of tangible property. 

 We conclude that, as a matter of law, the only reasonable construction of
subsections 5(a) and 5(b) excludes liability for all damages arising from the fire. All points of
error are overruled. 

 Therefore, we affirm the trial court's judgment.





 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: April 8, 1992

[Publish]
1. In a summary judgment case, the court must decide whether a disputed material fact issue
precludes summary judgment, with every reasonable inference and doubt resolved in favor of
the nonmovant. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-549 (Tex. 1985). 
We are mindful of this standard of review.